UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60015-CIV-COHN/STRAUSS

ANTHONY STEVEN COLLICA,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

    Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 32] ("Report") submitted by United States Magistrate Judge Jared Strauss regarding the parties' cross motions for summary judgment [DE 26 & 27] (collectively, the "Motions"). The Court has carefully reviewed the Report, the Motions, Plaintiff's Objections [DE 33], the record in the case, and is otherwise fully advised in the premises.

Because Plaintiff filed timely objections, the Court has reviewed *de novo* the portions of the Report to which Plaintiff has objected. 28 U.S.C. § 636(b)(1); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied 488 U.S. 958 (1988). For the reasons discussed below, the Court agrees with Judge Strauss' reasoning and analysis that Plaintiff's Motion for Summary Judgment should be denied and Defendant's Motion for Summary Judgment should be granted.

In his Report, Judge Strauss found that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled was supported by substantial evidence. DE 32 at 17. Plaintiff raises two objections to Judge Strauss' Report. First, Plaintiff

asserts that Judge Strauss erred in affirming the ALJ's decision to afford little weight to the opinion of treating psychiatrist Dr. Victoria Baskin.  DE 33 at 2-11.  Second, Plaintiff contends that Judge Strauss erred in finding that the ALJ properly discounted Plaintiff's subjective statements regarding his mental impairments.  Id. at 11-14. The Court finds Plaintiff's objections without merit and will adopt Judge Strauss' conclusions as stated in his Report.

With respect to whether the ALJ accorded appropriate deference to Dr. Baskin's opinions, the treating physician rule provides that an ALJ must give substantial weight to the opinion of a claimant's treating physician "unless 'good cause' is shown to the contrary." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  Good cause exists if "the opinion is conclusory, the physician fails to provide objective medical evidence to support his or her opinion, the opinion is inconsistent with the record as a whole, or the evidence otherwise supports a contrary finding." Tackett v. Comm'r of Soc. Sec., No. 21-11852, 2022 WL 2314095, at *1 (11th Cir. June 28, 2022).  The Court reviews the ALJ's good cause determination for support by substantial evidence.  See Siverio v. Comm'r of Soc. Sec., 461 F. App'x 869, 872 (11th Cir. 2012).  The Eleventh Circuit has described this standard as follows:

> Substantial evidence is something "more than a mere scintilla, but less than a preponderance." Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987) (internal quotation and citation omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir.2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted).

Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)

In light of this deferential standard, the Court will affirm the ALJ's decision to discount Dr. Baskin's opinions. In her decision, the ALJ first noted that Dr. Baskin's opinions were based on only four visits with Plaintiff. DE 17 at 15. She then explains that she finds Dr. Baskin's opinions to be "generally inconsistent with the July 2017 to August 2018 Archways' clinicians' reports on objective mental status examination." Id. Judge Strauss found that "[a] closer review of those records reveals that Dr. Baskin herself reported findings that contradict her opinions" and that Dr. Baskin's opinions were therefore "not only internally inconsistent but also inconsistent with other medical opinions in the record." DE 32 at 19-20. In his Objections, Plaintiff argues that these alleged internal inconsistencies are not proper grounds for discounting Dr. Baskin's opinions. He also argues that the ALJ should not have given greater weight to the opinions of non-examining physicians than to Dr. Baskin's opinions.

As noted above, good cause to discount the opinion of a treating physician exists when "the opinion is inconsistent with the record as a whole, or the evidence otherwise supports a contrary finding." Tackett, 2022 WL 2314095, at *1. Here, the ALJ extensively discussed the evidence—which was not limited to just the opinions of non-examining physicians—that supported a different conclusion than that reached by Dr. Baskin. DE 17 at 15. To the extent that Dr. Baskin's opinions were inconsistent with her own treatment notes, this also constitutes good cause to accord less weight to Dr. Baskin's opinions. Hernandez v. Comm'r of Soc. Sec., 523 F. App'x 655, 657 (11th Cir. 2013) (inconsistencies between a treating physician's opinion and his notes or records constitute good cause to give less weight to the physician's conclusions) (per curiam). However, even if the Court were to accept Plaintiff's argument that Judge Strauss'

finding of internal inconsistency was improper, the inconsistency between Dr. Baskin's opinions and the other evidence in the record independently supports affirming the ALJ's decision to give little weight to Dr. Baskin's opinions.

Plaintiff's only other objection is that Judge Strauss erred in finding that the ALJ properly discounted Plaintiff's allegations regarding his mental impairments. Judge Strauss found that even if the ALJ did not make an explicit credibility determination regarding Plaintiff's statements concerning his mental impairments, the implications of her findings were "so clear as to amount to a specific credibility finding." DE 32 at 26-27 (quoting Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995)). By way of example, Judge Strauss noted that the ALJ evaluated Plaintiff's statements that he does not get along with others and avoids people as regularly as possible and found that they contradicted other evidence that Plaintiff was able to maintain friendships and had described himself as "very easy to get along with." DE 17 at 16.

In his Objections, Plaintiff seems to fault Judge Strauss for placing undue weight on Plaintiff's performance of daily activities as evidence that his mental impairments were not severe. DE 33 at 12-13. But Judge Strauss analysis focused on the ALJ's explanation of how Plaintiff's testimony was inconsistent with the medical record, not on whether Plaintiff engaged in any activities that were inconsistent with the ALJ's finding that his mental impairments were non-severe. Accordingly, Plaintiff fails to show any error in Judge Strauss' finding that the ALJ implicitly discredited Plaintiff's subjective complaints.

In sum, the Court concludes that substantial evidence supports the ALJ's good cause determination and her decision to discount Plaintiff's statements. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections [DE 33] are **OVERRULED**;

2. The Report and Recommendation [DE 32] is **ADOPTED**;

3. Plaintiff's Motion for Judgment [DE 26] is **DENIED**;

4. Defendant's Motion for Summary Judgment [DE 27] is **GRANTED**;

5. The decision of the Commissioner in this case is **AFFIRMED**, and the Complaint [DE 1] in this case is **DISMISSED** on the merits; and

6. The Court will enter a separate final judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of August, 2022.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF